1

2

3

4

5

6

7

8                **IN THE UNITED STATES DISTRICT COURT**

9              **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   RALPH E. DUMONT,                    No. 2:13-CV-2541-CMK-P

12              Petitioner,

13        vs.                            <u>ORDER</u>

14   JEROME PRICE, et al.,

15              Respondents.

16   _____/

17              Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of

18   habeas corpus pursuant to 28 U.S.C. § 2254.  Pursuant to the written consent of all parties, this

19   case is before the undersigned as the presiding judge for all purposes, including entry of final

20   judgment.  <u>See</u> 28 U.S.C. § 636(c).  Pending before the court is respondents' motion to dismiss

21   (Doc. 69).

22

23

24

25

26

                                    1

# I. BACKGROUND

## Trial Court Proceedings and Direct Appeal

Petitioner was convicted of driving under the influence of alcohol in El Dorado County Superior Court case no. P12CRF0521.  The trial court sustained a strike, three prior prison terms and two prior convictions for driving under the influence of alcohol.  Petitioner was sentenced to nine years plus an eight-month consecutive term following petitioner's no contest plea in case no. P12CRF0264 to making criminal threats.  Petitioner appealed case no. P12CRF0521, challenging the imposition of fines and fees.  In October 2014, the California Court of Appeal struck some fines and modified others.  Petitioner did not seek further review. No issues were presented on appeal with respect to case no. P12CRF0264.

## State Post-Conviction Proceedings

In May 2014, petitioner filed a habeas petition in the California Supreme Court. Citing case no. P12CRF0264, petitioner argued that his trial counsel had him sign a plea agreement he could not read and that he later asked to withdraw the plea.  Petitioner also argued that trial counsel was ineffective other ways.[1]  The California Supreme Court denied the petition on August 13, 2014.[2]

While his petition in the California Supreme Court was still pending, petitioner filed a habeas petition in the El Dorado County Superior Court in July 2014 raising the same claims as well as two new claims related to case no. P12CRF0521.  The court denied the petition in a reasoned decision issued on August 14, 2014.

---

[1]    While it does not appear that petitioner referenced a particular one of his El Dorado County Superior Court cases, it is logical to conclude that this claim related to the only case to go to trial – case no. P12CRF0521.

[2]    As has been petitioner's practice in this case, after filing his initial habeas petition in the California Supreme Court, but while the action was still pending, petitioner filed numerous supplements and amendments.  There is no indication in the record that any of these additional filings were ever considered properly filed by the California Supreme Court.  The court agrees with respondents that any claims purportedly raised in such filings were not properly before the California Supreme Court.

1       While his petitions in both the California Supreme Court and El Dorado County

2 Superior Court were still pending, petitioner filed a habeas petition in the California Court of

3 Appeal in August 2014 raising the same two claims as the California Supreme Court petition.

4 The California Court of Appeal denied the petition on August 14, 2014.

5       In November 2014, petitioner filed a second habeas petition in the El Dorado

6 County Superior Court raising seven claims relating to both criminal cases.  The court denied the

7 petition on November 6, 2014, noting that the petition was "yet another attempt to raise issues

8 and claims already addressed in other habeas corpus petitions."  In denying the petition, the court

9 cited In re Clark, 5 Cal.4th 750, 797 (1993).

10       <u>Federal Petition</u>

11       This action proceeds on the amended petition filed August 18, 2015.  Petitioner

12 references both El Dorado County Superior Court criminal case numbers – P12CRF0264 and

13 P12CRF0521.  Petitioner raises the following claims:

| | | |
|---|---|---|
| | Ground 1 | Right to fair trial denied by "negligence of a proper timely arraignment."  Petitioner claims that the arraignment was "missed by the D.A. so I bailed."  He also claims that his trial was further delayed when trial counsel "had me initial and sign a strike plea waiver form I could not read. . . ." |
| | Ground 2 | Coerced plea obtained while blind, medicated, and injured. |
| | Ground 3 | Right to be free from self-incrimination.  Petitioner claims that an unlawfully obtained jail phone call recording was used against him at trial. |
| | Ground 4 | Failure of prosecution and trial court to "dismiss altered blood alcohol levels."  Petitioner complains of improper trial testimony. |

22 Attached to the form petition is a brief raising an additional claim.  Specifically, petitioner

23 claims that trial counsel was ineffective for failing to request a competency hearing and that he

24 ". . .should be afforded the opportunity to withdraw his guilty plea. . . ."  The brief also contains

25 legal arguments related to the claims raised in the form petition.

26 / / /

## II. DISCUSSION

Respondents argue that petitioner's claims are unexhausted, except his claims relating to the plea he entered in case no. P12CRF0264, which respondents argue are foreclosed under Lackawanna County Dist. Atty. v. Cross, 532 U.S. 394, 402 (2001) (holding that a defendant may not collaterally attack a prior conviction used to enhance a current sentence where the prior conviction is "no longer open to direct or collateral attack in its own right").

Under 28 U.S.C. § 2254(b), the exhaustion of available state remedies is required before claims can be granted by the federal court in a habeas corpus case. See Rose v. Lundy, 455 U.S. 509 (1982); see also Kelly v. Small, 315 F.3d 1063, 1066 (9th Cir. 2003); Hunt v. Pliler, 336 F.3d 839 (9th Cir. 2003). Claims may be denied on the merits notwithstanding lack of exhaustion. See 28 U.S.C. § 2254(b)(2). "A petitioner may satisfy the exhaustion requirement in two ways: (1) by providing the highest state court with an opportunity to rule on the merits of the claim . . .; or (2) by showing that at the time the petitioner filed the habeas petition in federal court no state remedies are available to the petitioner and the petitioner has not deliberately by-passed the state remedies." Batchelor v. Cupp , 693 F.2d 859, 862 (9th Cir. 1982) (citations omitted). The exhaustion doctrine is based on a policy of federal and state comity, designed to give state courts the initial opportunity to correct alleged constitutional deprivations. See Picard v. Connor, 404 U.S. 270, 275 (1971); see also Rose, 455 U.S. at 518.

Regardless of whether the claim was raised on direct appeal or in a post-conviction proceeding, the exhaustion doctrine requires that each claim be fairly presented to the state's highest court. See Castille v. Peoples, 489 U.S. 346 (1989). Although the exhaustion doctrine requires only the presentation of each federal claim to the highest state court, the claims must be presented in a posture that is acceptable under state procedural rules. See Sweet v. Cupp, 640 F.2d 233 (9th Cir. 1981). Thus, an appeal or petition for post-conviction relief that is denied by the state courts on procedural grounds, where other state remedies are still available, does not exhaust the petitioner's state remedies. See Pitchess v. Davis, 421 U.S. 482, 488

1  (1979); <u>Sweet</u>, 640 F.2d at 237-89.

2          In addition to presenting the claim to the state court in a procedurally acceptable

3  manner, exhaustion requires that the petitioner make the federal basis of the claim explicit to the

4  state court by including reference to a specific federal constitutional guarantee.  <u>See</u> <u>Gray v.</u>

5  <u>Netherland</u>, 518 U.S. 152, 162-63 (1996); <u>see also</u> <u>Shumway v. Payne</u>, 223 F.3d 982, 998 (9th

6  Cir. 2000).  It is not sufficient for the petitioner to argue that the federal nature of the claim is

7  self-evident.  <u>See</u> <u>Lyons v. Crawford</u>, 232 F.3d 666, 668 (9th Cir. 2000), <u>amended by</u> 247 F.3d

8  904 (9th Cir. 2001).  Nor is exhaustion satisfied if the state court can only discover the issue by

9  reading a lower court opinion in the case.  <u>See</u> <u>Baldwin v. Reese</u>, 541 U.S. 27, 32 (2004).

10          When faced with petitions containing both exhausted and unexhausted claim

11  (mixed petitions), the Ninth Circuit held in <u>Ford v. Hubbard</u> that the district court is required to

12  give two specific warnings to pro se petitioners:  (1) the court  could only consider a stay-and-

13  abeyance motion if the petitioner chose to proceed with his exhausted claims and dismiss the

14  unexhausted claims; and (2) federal claims could be time-barred upon return to federal court if he

15  opted to dismiss the entire petition to exhaust unexhausted claims.  <u>See</u> 330 F.3d 1086, 1099 (9th

16  Cir. 2003).  However, the Supreme Court held in <u>Pliler v. Ford</u> that the district court is not

17  required to give these particular warnings.  <u>See</u> 542 U.S. 225, 234 (2004).[3]  Furthermore, the

18  district court is not required to sua sponte consider stay and abeyance in the absence of a request

19  from the petitioner, <u>see</u> <u>Robbins v. Carey</u>, 481 F.3d 1143, 1148 (9th Cir. 2007), or to inform the

20  petitioner that stay and abeyance may be available, <u>see</u> <u>Brambles v. Duncan</u>, 412 F.3d 1066,

21  1070-71 (9th Cir. 2005).  Therefore, in the absence of a stay-and-abeyance motion, the district

22  court should dismiss mixed petitions and need not provide any specific warnings before doing so.

23

24          [3]       The Supreme Court did not address the propriety of Ninth Circuit's three-step
stay-and-abeyance procedure which involves dismissal of unexhausted claims from the original
petition, stay of the remaining claims pending exhaustion, and amendment of the original petition
25  to add newly exhausted claims that then relate back to the original petition.  <u>See</u> <u>Pliler</u>, 542 U.S.
at 230-31 (citing <u>Calderon v. United States Dist. Ct. (Taylor)</u>, 134 F.3d 981, 986-88 (9th Cir.
26  1998)).

5

1   See Robbins, 481 F.3d at 1147 (citing Rose, 455 U.S. at 510 (holding that the petitioner has the

2   "choice of returning to state court to exhaust his claims or of amending or resubmitting the

3   habeas petition to present only exhausted claims to the district court")).

4          In this case, petitioner fairly presented only two claims to the California Supreme

5   Court – his claim regarding the plea in case no. P12CRF0264 and a claim of ineffective

6   assistance of counsel in case no. P12CRF0521.  In the current amended federal petition,

7   petitioner does not raise any claims of ineffective assistance of counsel in case no. P12CRF0521.

8   Therefore, the only claims which petitioner exhausted are those relating to the plea in case no.

9   P12CRF0264 (Ground 2 raised in the form petition and the ineffective assistance of counsel

10  claim raised in the attached brief).  All other claim raised in the amended federal petition are

11  unexhausted because they were not fairly presented to the California Supreme Court.

12         Turning to Lackawanna, the court agrees with respondents that petitioner's claims

13  related to case no. P12CRF0264 (no contest plea to charge of making criminal threats) are barred

14  to the extent petitioner argues an impermissible enhancement was imposed in case no.

15  P12CRF0521 due to the unconstitutionality of the plea.  Because petitioner did not seek review

16  of the conviction resulting from his no-contest plea, that conviction is no longer open to direct

17  and collateral review and cannot be challenged as an impermissible enhancement to the sentence

18  imposed in case no. P12CRF0521.  See Lackawanna, 532 U.S. at 402.

19         A potentially cognizable exhausted claim remains in this case only to the extent

20  petitioner is attempting to directly challenge the constitutionality of the no-contest plea entered in

21  case no. P12CRF0264.  Because, however, the petition contains unexhausted claims and is

22  therefore considered "mixed," and because petitioner has not sought a stay-and-abeyance order,

23  the court will dismiss the entire petition without prejudice to the options available to petitioner,

24  outlined above.

25  / / /

26  / / /

### III. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1.      Respondents' motion to dismiss (Doc. 69) is granted;

2.      This action is dismissed;

3.      Petitioner's motion to expedite ruling (Doc. 74) is denied as moot;

4.      Pursuant to Rule 11(a) of the Federal Rules Governing Section 2254 Cases, the court has considered whether to issue a certificate of appealability. Before petitioner can appeal this decision, a certificate of appealability must issue. See 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). Where the petition is denied on the merits, a certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The court must either issue a certificate of appealability indicating which issues satisfy the required showing or must state the reasons why such a certificate should not issue. See Fed. R. App. P. 22(b). Where the petition is dismissed on procedural grounds, a certificate of appealability "should issue if the prisoner can show: (1) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling'; and (2) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right.'" Morris v. Woodford, 229 F.3d 775, 780 (9th Cir. 2000) (quoting Slack v. McDaniel, 529 U.S. 473, 120 S.Ct. 1595, 1604 (2000)). For the reasons set forth above, the court finds that issuance of a certificate of appealability is not warranted in this case; and

5.      The Clerk of the Court is directed to enter judgment and close this file.


DATED: March 30, 2017



_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE