IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RALPH E. DUMONT, | | No. 2:13-CV-2541-CMK-P |
| Petitioner, | | |
| vs. | | ORDER |
| JEROME PRICE, et al., | | |
| Respondents. | | |
| _____/ | | |

   Petitioner, a state prisoner proceeding pro se, brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Final judgment was entered on April 3, 2017. Pending before the court is petitioner's motion (Doc. 82) to proceed on exhausted claims.

   As the court outlined in its April 3, 2017, order granting respondents' motion to dismiss, the petition contained exhausted and unexhausted claims. Specifically, the court found:

> . . .Therefore, the only claims which petitioner exhausted are those relating to the plea in case no. P12CRF0264 (Ground 2 raised in the form petition and the ineffective assistance of counsel claim raised in the attached brief). All other claims raised in the amended federal petition are unexhausted because they were not fairly presented to the California Supreme Court.

///

The court further explained that some of the exhausted claims are barred under <u>Lackawanna County Dist. Atty. v. Cross</u>, 532 U.S. 394, 402 (2001) (holding that a defendant may not collaterally attack a prior conviction used to enhance a current sentence where the prior conviction is "no longer open to direct or collateral attack in its own right"). The court did note, however, that "[a] potentially cognizable exhausted claim remains in this case only to the extent petitioner is attempting to directly challenge the constitutionality of the no-contest plea entered in case no. P12CRF0264." Because petitioner did not seek a stay-and-abeyance order, the court dismissed the entire petition. See <u>Robbins v. Carey</u>, 481 F.3d 1143, 1148 (2004).

Petitioner now apparently seeks leave to proceed with this case on the potentially cognizable exhausted claim. As the Ninth Circuit and Supreme Court have explained, petitioner may return to state court to exhaust all of these claims, or resubmitting a habeas petition to the federal court containing only exhausted claims.[1] See <u>Id</u>, at 1147 (citing <u>Rose v. Lundy</u>, 455 U.S. 509, 510 (1982)). Accordingly, petitioner's motion (Doc. 82) to proceed on exhausted claims in this closed case is denied without prejudice to raising such claims in a newly-filed petition.

IT IS SO ORDERED.

DATED: June 22, 2017

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE

---

[1] To the extent refiling may present statue of limitations problems, petitioner had the opportunity to seek a stay-and-abeyance order prior to dismissal of this case, but chose not to do so, and the court was not required to consider the issue sua sponte. See <u>Robbins</u>, 481 F.3d at 1148.